Westbrook, J.
The relator presented to the board of town auditors of the town of Shawangunk a bill for services as one of the constables of that town, which such board refused to consider or to allow in whole or in part. The bill was made out in detail and verified substantially as prescribed in section 70 of 1 Revised Statutes (6th ed.), page 845. The relator asks that a writ of peremptory mandamus may isstie to such board requiring it to consider and audit the bill. To the granting of the writ several preliminary objections are made, which wiE be separately stated and considered:
*226 First. It is said that a writ of mandamus will not lie, when a party has another remedy, and that as by chapter 832 of the Laws of 1866 the relator has an appeal to the board of supervisors the writ should not issue. It is perfectly well settled than when, a clear legal duty devolves upon an officer or upon a board of officers, which he or it refuses to discharge, that a mandamus will lie to compel the performance of that which the law requires to be done. Ho other legal remedy exists to the relator in this case. It is no excuse for the respondents that the board of supervisors can do what they have refused to do. Their duty is still undischarged, and its discharge may be compelled. The rule of law which the respondents invoke has no application. That rule is, that generally the courts will not interfere by mandamus when a party has an adequate remedy by action. It does not apply to a case in which when ;an officer refuses to discharge his duty by an appeal to some .other officer the desired relief may be obtained, but to one in which a court is asked to interfere by mandamus when the party has a complete remedy by action.
Second. It is urged that the bill of the relator was not properly verified because the verification did not conform to .section 2 of chapter 820 of Laws of 1869. To this objection there are two' answers: 1st. The section referred to only .applies to a> bill in which the officer claims “ the increase or .additional travel fees provided for in this act,” that is to say, those which said act allows. If the section of the act of 1869, just referred to, was in force it would justify the board in rejecting any charge for “ additional travel fees,” but it did not justify the refusal to consider the bill, and to audit so much ■of it as was proper to be audited. 2d. But that section is no longer in force. It only applied to the additional fees-, which that act gave. That act amended section 8 of the act of 1866 prescribing the fees of constables in criminal cases, and of .course the provision as to proof of the services claimed under .such act of 1869 existed only so long as the rate of compen.satioh thereby given was m life. Chapter 324 of the Laws *227 of 1875, and chapter 89 of the Laws of 1877 (the two are substantially alike), by declaring how section 8 of chapter 692 of Laws of 1866 should thereafter read repealed the act of 1869 so far as that act sought to change the same (the eighth) section in the act of 1866 aforesaid. As the relator did not apply for any allowance or audit under the act of 1869, it follows that the provision in such act relating to proof of services claimed under it is not now applicable (See vol. 3 of R. S. [7 th edfp. 2585, and the note at bottom of page).
Third. The affidavit of the relator, it is claimed, should not be entitled. The objection would have been good if it had been entitled in this proceeding, but it was not, and the title was such as to indicate the purpose for which it was to be used, to which there can be no objection. The preliminary objections must, therefore, be overruled, and the one set up in the opposing affidavit remains to be considered, which is this: At the annual town meeting of 1849 the electors of the town of Shawangunk determined that four constables should be elected that year, and in 1850 it was again “ Resolved, That there shall be four constables elected; ” and as no resolution has been passed on the subject since, the respondents contend that the appointment of the relator was illegal, and as he was no constable de jure he cannot receive fees for services rendered to the town.
It is exceedingly doubtful whether or not the payment of the relator’s bill could be resisted upon any such ground. He received from the officers who formed a majority of the board of audit an appointment to the office of constable, which on its face seems to be valid and lawful. His right to act as such an officer has never been questioned. He has performed services for the town under the direction of the very officers who have rejected his bill, which were accepted and were valid services; and now when the town has received value for that which it is asked to pay, it refuses payment upon the sole ground that he was not a de jure constable of the town, The answer is a hard one and is believed to be unsound. Without, *228 however, determining that question the objection is overruled on the ground that the relator was a de jure constable. The general number of constables of a town is five (1 R. 8. [6¿Á ed.), 823, see. 8). The electors have power at an annual town meeting “to determine what number of constables * * * shall be chosen in such town for the then ensuing year.” When, thérefore, the electors of Shawangunk passed the resolution it could be operative only for that year, and that was all it professed to be. At the town meeting, held in 1884, the electors having chosen only four constables the three justices of the peace properly appointed the relator (1 R. 8. \&th ed.], 835, see. 57) and he became a legal officer of the town.
All the objections made to the relief asked must be overruled, and it remains only to consider the form of the order. If the respondents had made any objection to the bill of the relator, other than those stated, the bill would have been referred to them to be considered. As, however, neither by affidavit or argument has the performance or value of the services and charges in the bill been questioned, and as such value is fixed by statute to which the charges conform, the writ as asked for should be granted.
As a rule costs should not be given in a proceeding of this character. This case, however, presents exceptional features. The justices who gave to the relator his appointment as constable formed a majority of the board of audit, the services for which the bill contains charges, were mostly performed in •executing the process of those same officers, for which doubtless they themselves have charged, and which by audit they probably have directed to be paid; and as the services rendered by the relator would have been rendered, if he had not ■acted, by some other officer of the town and been paid for, the rejection of the bill seems to have been a desire to secure services without compensation. Under such circumstances the relator should be indemnified in seeking redress, and an allowance to him of twenty-five dollars as and for the costs of ■this proceeding is hereby made.